IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RAMON WILLIAMSON                                                                          PETITIONER
ADC #143042

V.                                 NO. 5:12CV00115 JMM-JTR

RAY HOBBS, Director,                                                                      RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Ramon Williamson. (Docket entry #1.)[1] Respondent has

---

[1] In support of his claims, Petitioner has submitted various filings. (Docket entries #4, #12, #19, #22.) His Motion to Amend/Correct (docket entry #22) is a reiteration of his first habeas claim (docket entry #1, at 2) and thus should be denied as moot.

2

filed two Responses, and Petitioner has filed a Reply. (Docket entries #15, #18, #21.)[2]

Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

In October 2008, a jury in Pulaski County, Arkansas, convicted Petitioner of capital murder. He was sentenced to life imprisonment without parole. (Resp't Ex. C-3, at 6-11.)[3]

On direct appeal to the Arkansas Supreme Court, Petitioner argued that the trial

---

[2]Respondent's exhibits are attached to docket entry #15.

[3]According to the trial evidence, the victim was last seen alive on August 5, 2005, and her body was found inside a garbage dumpster three days later. The medical examiner testified that she had died as the result of twenty-three stab wounds. The state relied on the following evidence to prove Petitioner's guilt: (1) his statement to police that he met the victim on the night of August 5, bought her a soda at a gas station, last saw her at approximately 8:10 p.m., left the area at 9:30 p.m., and spent the rest of the night and the weekend with his girlfriend; (2) testimony from the gas station owner that Petitioner bought the victim a cigar and the two left the gas station together; (3) testimony from another witness that he saw the victim alone with Petitioner three times on the night of August 5 near the location where the victim's body was later found, the last time at approximately 10:00 p.m.; (4) Petitioner's girlfriend's statement to police that Petitioner came to her apartment at approximately 11:30 p.m. on that night, holding his shirt in his hands, sweating, and his face bloody, and that he left soon afterwards and did not stay at her apartment during the weekend; (5) test results showing similarities between fibers from Petitioner's shirt and fibers from a shirt the victim was wearing on August 5, and which was found wrapped around her legs; (6) a forensic analyst's testimony that a blood sample from the victim's shirt provided a mixed DNA sample that could neither identify Petitioner as the minor contributor nor exclude him, but did exclude 95% of the African-American population, Petitioner's race, as possible contributors; and (7) the analyst's testimony that DNA from a cigarette butt, recovered from a vehicle on which hairs consistent with the victim's were found, provided a positive match to Petitioner's DNA. *Williamson*, *infra* at 788-89.

court erred by denying his motion for directed verdict because the state failed to introduce substantial evidence of his identity as the person who murdered the victim. (Resp't Ex. A-1.) On November 12, 2009, the Arkansas Supreme Court affirmed Petitioner's conviction. *Williamson v. State*, 350 S.W.3d 787 (Ark. 2009). In reaching its decision, the Court held: (1) Petitioner could not argue on appeal that the state failed to prove his identity as the murderer because he did not raise that argument in his directed-verdict motion in the trial court; and (2) even if the directed-verdict motion could be construed as a challenge to the state's proof of his identity as the murderer, the motion was deficient because it failed to state with any specificity how the state's evidence was flawed; thereby waiving any challenge to the sufficiency of the evidence under Arkansas's procedural rules. *Id.* at 789-91.

On January 20, 2010, Petitioner filed a timely, *pro se* petition for post-conviction relief under Ark. R. Crim. P. 37, in Pulaski County Circuit Court. (Resp't Ex. B-1.). *See* Ark. R. Crim. 37.2(c)(ii) (2012) (petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction). He argued that: (1) his trial counsel was ineffective for failing to state specific grounds in his motion for directed verdict; and (2) his conviction was not supported by substantial evidence because it was based on circumstantial evidence and testimony from witnesses who lacked credibility.

On May 20, 2010, the trial court entered an order denying the Rule 37 petition because: (1) Petitioner failed to demonstrate prejudice from his trial counsel's alleged ineffectiveness by identifying any specific deficiencies in the case against him which counsel should have argued; (2) the trial evidence was not rendered deficient simply because it was circumstantial; and (3) challenges to the credibility of witnesses were not cognizable in Rule 37 proceedings. (Resp't Ex. B-2.) Petitioner did *not* file a timely notice of appeal of the trial court's order of denial. *See* Ark. R. App. P.-Crim. 2(a)(4) (notice of appeal must be filed within thirty days of order denying Rule 37 petition).

On July 16, 2010, Petitioner filed a *pro se* petition for writ of habeas corpus in Pulaski County Circuit Court. On July 23, 2010, the trial court denied the petition because Petitioner was not in custody within its jurisdiction. (Resp't Ex. C-1.) Petitioner did not appeal.

On October 25, 2010, Petitioner filed a *pro se* petition for writ of habeas corpus in the Lincoln County Circuit Court, arguing that the state failed to introduce substantial evidence of his identity as the person who committed the murder. (Resp't Ex. C-2.) On February 8, 2011, the court entered an order denying the petition for failure to state a claim for relief. (Resp't Ex. C-4.) Petitioner did not appeal.

On October 6, 2011, Petitioner filed, in the Arkansas Supreme Court, a timely

*pro se* motion for belated appeal of the Pulaski County Circuit Court's order denying his Rule 37 petition. (Docket entry #21-1.) *See* Ark. R. App. P.-Crim. 2(e) (motion for belated appeal must be filed within eighteen months of order denying post-conviction relief). On December 1, 2011, the Arkansas Supreme Court denied the motion, without issuing a written opinion. (Resp't Ex. B-3.)

On March 25, 2012, Petitioner initiated this *pro se* habeas action. In his habeas papers, he argues that: (1) the trial evidence was insufficient to support his conviction because the state failed to introduce substantial evidence of his identity as the person who committed the murder; and (2) his trial counsel was constitutionally ineffective for failing to preserve the sufficiency-of-the-evidence claim for state appellate review. (Docket entries #1, at 2-8; #4, at 2-3; #18, at 3-11.)

Respondent argues that all of Petitioner's habeas claims are: time-barred; procedurally defaulted; or without merit. For the reasons discussed below, the Court recommends that the Petition be denied as untimely.[4]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state judgment

---

[4]Thus, the Court need not address Respondent's other arguments for dismissal.

of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). If he pursues certiorari review in the United States Supreme Court, the judgment becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," or, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

On November 12, 2009, the Arkansas Supreme Court affirmed Petitioner's conviction. He elected not to file a petition for writ of certiorari with the United States Supreme Court. *See* U.S. Sup. Ct. R. 13.1. Thus, his conviction became "final" on February 10, 2010, when the ninety-day period for seeking certiorari expired. Petitioner initiated this federal habeas action on March 25, 2012,[5] more than two years later.

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Accordingly, the one-year period for Petitioner's filing of a federal habeas petition is calculated as

---

[5]Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on March 29, 2012, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court has given Petitioner the benefit of assuming that he delivered his Petition to prison authorities for mailing on March 25, 2012, the day he signed it. (Docket entry #1, at 8-9.)

follows:

    (1)    November 12, 2009: The Arkansas Supreme Court affirms Petitioner's conviction.

    (2)    January 20, 2010: Petitioner files a timely Rule 37 petition.

    (3)    February 10, 2010: The ninety-day period for petitioning for certiorari expires. The statute of limitations does not begin running due to the pendency of Petitioner's Rule 37 petition.

    (4)    May 20, 2010: The Pulaski County Circuit Court denies Petitioner's Rule 37 petition.

    (5)    May 21, 2010: The one-year statute of limitations begins running.

▸ *157 days run against the statute of limitations.*

    (6)    October 25, 2010: The statute of limitations is tolled when Petitioner files a state habeas petition in Lincoln County Circuit Court.

    (7)    February 8, 2011: The Lincoln County Circuit Court denies Petitioner's state habeas petition.[6]

    (8)    February 9, 2011: The statute of limitations resumes running.

▸ *208 days run against the statute of limitations.*

    (9)    September 4, 2011 (Sunday): 365th day.

---

[6]Petitioner filed an earlier state habeas petition in Pulaski County, which was not "properly filed" because, at the time it was initiated, he was an Arkansas Department of Correction prisoner incarcerated in Lincoln County. Thus, that habeas petition had no tolling effect. *See Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006) (Arkansas state habeas petition filed in wrong county was not "properly filed" and did not toll statute of limitations).

(10) **September 6, 2011 (Tuesday):[7] Deadline for Petitioner to file a § 2254 habeas petition.**

(11) October 6, 2011: Petitioner files, in the Arkansas Supreme Court, a motion for belated appeal of the Pulaski County Circuit Court's order denying his Rule 37 petition.

(12) December 1, 2011: The Arkansas Supreme Court denies the motion for belated appeal.

(13) March 25, 2012: Petitioner files his § 2254 habeas Petition in the Eastern District of Arkansas, more than six months *after* the expiration of the statute of limitations.

Petitioner argues that, because he filed a motion for belated appeal of the trial court's denial of his Rule 37 petition, he should be entitled to statutory tolling for the entire period between the trial court's order denying Rule 37 relief (May 20, 2010) and the Arkansas Supreme Court's denial of his belated-appeal motion (December 1, 2011). (Docket entry #18, at 2.)

The United States Supreme Court has held that, for purposes of § 2244(d)(2) tolling, a state post-conviction application is "pending" in the interval between a lower court's adverse determination and the prisoner's filing of an appeal, only if "the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002)). Because Petitioner did *not* file a

---

[7]*See* Fed. R. Civ. P. 6(a)(1) (a deadline continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday). In 2011, Labor Day fell on September 5.

timely notice of appeal of the trial court's May 20, 2010 order denying his Rule 37 petition, his motion to file a belated appeal of that order had no further tolling effect.

Additionally, when Petitioner finally did file his motion seeking to belatedly appeal the trial court's denial of his Rule 37 petition, it was *after* the expiration of the federal limitations period. This constitutes a separate and independent basis for holding that it had no tolling effect. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").[8]

Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010). In this case, Petitioner has not shown that he acted "diligently" in asserting his federal habeas claims or that some "extraordinary circumstance" prevented him from filing a timely habeas petition.

---

[8] While his motion for belated appeal contains a handwritten notation that it was "tendered" to the Arkansas Supreme Court on March 31, 2011, it was not accepted for filing until October 6, 2011. (Docket entry #21-1, at 1.) *See Wright v. Norris*, 299 F.3d 926, 928 (8th Cir. 2002) (Arkansas prisoner's motion for belated appeal did not toll the federal statute of limitations on the date it was "tendered" to the Arkansas Supreme Court, which declined to "file" the motion until the prisoner lodged the lower court record).

First, Petitioner was aware of the factual basis for his federal habeas claims during the running of the one-year limitations period, since he previously had raised both of those claims in his state court proceedings. The fact that he was pursuing collateral relief in state court does not excuse him from diligently taking steps to preserve and timely pursue his federal habeas claims. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoner seeking state post-conviction relief can file a "protective" federal habeas petition and ask federal court to stay the habeas action until conclusion of state proceedings); *Runyan v. Burt*, 521 F.3d 942, 945-46 & n.4 (8th Cir. 2008) (no equitable tolling where petitioner's post-conviction applications were not properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker v. Norris*, 436 F.3d 1026, 1030-31 (8th Cir. 2006).

Second, Petitioner has not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). In other words,

where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan*, 521 F.3d at 945-46.

Finally, Petitioner makes the conclusory assertion that, if his federal habeas claims are not reviewed, a "fundamental miscarriage of justice" will occur violating the rights "of an innocent person" (docket entry #18, at 10-11), and that he is "an innocen[t] man ... and a victim of circumstances" (docket entry #12). In *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002), the Eighth Circuit rejected "as a broad concept" the contention that actual innocence could be used as a "gateway" to excuse an untimely federal habeas petition. It went on to note that, for such a claim to be viable, a habeas petitioner "would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Id.* at 978.

Here, Petitioner has failed to make the detailed evidentiary showing necessary to invoke the narrow "actual innocence" exception.[9] Thus, equitable tolling does not

---

[9]*See House v. Bell*, 547 U.S. 518, 536-37 (2006) ("gateway" actual-innocence claim requires habeas petitioner to "establish that, in light of new evidence, 'it is more

apply.

Accordingly, this Petition should be denied in its entirety as untimely.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #1) be DENIED and this case be DISMISSED, WITH PREJUDICE, and that Petitioner's Motion to Amend/Correct (docket entry #22) be DENIED as moot. IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when a habeas petition is denied on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

---

likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner points to no "new" evidence, and the only apparent basis for his actual-innocence claim is his argument that the trial evidence was legally insufficient to support the jury's verdict. This falls far short of the high and exacting standard established by the United States Supreme Court. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (actual-innocence exception is concerned with "factual innocence, not mere legal insufficiency").

DATED this 5th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE